# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **EILEEN FRAZIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 6:19CV-344-JDL |
| | § | |
| | § | |
| | § | |
| **CITY OF HAWKINS, TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **September 21, 2020**<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY SELECTION/JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas. |
| **August 26, 2020**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:30 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br>Lead trial counsel must attend the pretrial conference. |
| *August 24, 2020* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| *August 19, 2020* | Responses to Motions in Limine due. |
| *August 17, 2020* | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |

2

|  | Motions in limine should comply with local rule CV-7(n). Parties shall file motions in limine as a single document containing no more than 10 disputed issues absent leave of court. |
|---|---|
| *August 11, 2020* | **Deadline to file Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority, and Form of the Verdict for jury trials**.<br><br>See the Court's website for a sample Joint Pretrial Order.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| *August 06, 2020* | **Objections to Pretrial Disclosures and Rebuttal Designations due**.<br>A party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (3) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i), if any. Prior to filing objections, the parties are expected to comply with the meet and confer requirements of Local Rule CV-7(h).<br><br>Objections should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.<br><br>Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown. |
| *August 3, 2020* | **Rebuttal Designations due**.<br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *July 22, 2020* | **Pretrial Disclosures due**.<br><br>Each party shall provide to the other parties disclosures regarding the evidence that the disclosing party intends to present at trial pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), specifically to include the exchange of exhibit lists, witness lists, and deposition designations, if any. Sample exhibit lists and witness lists with the Court's preferred format can be found on the Court's |

| | |
|---|---|
| | website at www.txed.uscourts.gov.  **Parties should use the sample lists of the *trial* judge, which can be found on each respective judge's website.** |
| | **Deposition Designations**:  Each party who proposes to offer deposition testimony pursuant to Rule 26(a)(3)(A)(ii) shall file a disclosure identifying the line and page numbers to be offered. Each side is limited to designating no more than 10 hours of deposition testimony for use at trial absent a showing of good cause.  As trial approaches, if either side needs to designate more than 10 hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence. |
| | **Witness Lists**: In addition to identifying witnesses as "will call," "may call," or "probably will not call," each side shall identify the witness's employer and topic the witness will address, e.g., John Doe, Acme Corp., invalidity. |
| **May 18, 2020**<br><br>*Court designated date – not flexible without good cause – Motion Required* | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.**  Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  Motions to extend page limits will only be granted in exceptional circumstances. |
| | Any party filing a motion for summary judgment SHALL include a list of undisputed facts with citations to the record. The responding party shall respond to each one of those facts by either identifying agreement or by stating the dispute with corresponding record cites. |
| *April 20, 2020* | **Expert Discovery Deadline.** |
| *March 23, 2020* | **Rebuttal expert witness reports due.** |
| | If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| *March 18, 2020* | **Deadline to file motions to compel.** |
| | Prior to filing a motion to compel, the parties are required to comply with the meet and confer requirements of Local Rule CV-7(h). |
| *March 11, 2020* | **Expert witness reports due by the party with the burden of proof.** |
| *March 11, 2020* | **Fact discovery deadline.** |

4

| | |
|---|---|
| *February 10, 2020* | **Privilege Logs** to be exchanged by parties, identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating **within 10 days** of exchanging privilege logs.<br><br>Parties to **designate *all* experts** who will provide reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). At this time, each party shall identify each expert by name, address, and telephone number, and provide the other parties with copies of each expert's resume in compliance with Federal Rule of Civil Procedure 26(a)(2)(B)(iv) and (v), and Local Rule CV-26(b). The parties shall also identify the general subject matter on which each expert will provide an opinion. |
| *To be discussed* | **Mediation to be completed.**<br>**Parties have chosen Mr. Andy Tindal as Mediator.** |
| *November 11, 2019* | Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *November 4, 2019* | **Additional Disclosures.** To the extent not already disclosed under this Order or as required by the Federal Rules of Civil Procedure, and without awaiting a discovery request, each party shall provide to every other party a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to all pleaded claims or defenses involved in this action. Parties shall refer to Local Rule CV-26(d) in compliance with these disclosures.<br><br>**Ongoing Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true. |
| *14 days after Docket Control order is signed* | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |

5

| | |
|---|---|
| *September 11, 2019* | **Initial Disclosures due.** Each party shall serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). |
| *September 9, 2019* | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| 3 | **EXPECTED LENGTH OF TRIAL** |

\*In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

**MODIFYING/AMENDING this Docket Control Order**. A party seeking to amend or modify this Docket Control Order shall re-file a complete Proposed Docket Control Order in every instance where a motion to modify / amend a Docket Control Order is to be considered by the Court. The amended Docket Control Order shall incorporate the modified deadlines in addition to the deadlines that remain unchanged. Each proposed modified deadline should be entered above the corresponding current deadline, within the same cell as the corresponding current deadline. The modified deadline should be placed between brackets (i.e. "[" and "]"), but should otherwise be in a font and format identical to the current deadline.

For example:

| | |
|---|---|
| [Jan. 10, 2017] <br><br> Jan. 1, 2017 | **Deadline to File Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |

## OTHER LIMITATIONS

(a) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss pending;

    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (i) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 19th day of September, 2019.**

                                                JOHN D. LOVE
                                     UNITED STATES MAGISTRATE JUDGE